IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMMETT THOMPSON, <br> TDCJ No. 1950327, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-179-X-BN |
| LORIE DAVIS, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Emmett Thompson, a Texas prisoner then incarcerated at the Texas Department of Criminal Justice's Cotulla Transfer Facility, filed a *pro se* complaint challenging the constitutionality of his confinement. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred Thompson's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, on January 30, 2020, because TDCJ's Cotulla Transfer Facility is in La Salle County, which lies within the Laredo Division of the Southern District of Texas, *see* 28 U.S.C. § 124(b)(3), the Court ordered this action transferred to that judicial district and division under 28 U.S.C. §§ 1391(b) and 1406(a). *See* Dkt. No. 4.

The undersigned recently learned that this case was not transferred in 2020. Because the improper venue statute does not protect a plaintiff from his choice of the wrong venue, *see Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953); *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017) (per curiam), and

given the posture of this case now, the undersigned has reviewed the plausibility of Thompson's claims and enters these findings of fact, conclusions of law, and recommendation that the Court dismiss this case with prejudice.

## Legal Standards

Under the Prison Litigation Reform Act, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the Federal Rules of Civil Procedure nor the PLRA "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11 (citations omitted).

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are

insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

Thompson's sole allegation of fact is that he was "deprived of his 'Right' to a full breakfast on or about" some date in 2019. Dkt. No. 3 at 1. While Thompson alleges that this isolated incident amounts to a constitutional violation, *see id.*, it is established that "the prison system is not required to provide inmates with three meals a day," *Myles v. Barlow*, No. 9:20-CV-252, 2022 WL 1046375, at *1 (E.D. Tex. Apr. 7, 2022) (citing *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)).

Instead, "'[t]he constitution requires only that inmates be provided with well-balanced meals, containing sufficient nutritional value to preserve health.'" *Id.* (quoting *Davis v. Stephens*, No. 2:15-CV-211, 2015 WL 4887577, at *8 (S.D. Tex. Aug. 17, 2015) (citing, in turn, *Green*, 801 F.2d at 770-71)); *see also McClure v. Tex. Dep't*

*of Crim. Justice Corr. Dep't*, 459 F. App'x 348, 351 (5th Cir. 2012) (per curiam) (characterizing an inmate's burden as "establish[ing] that the portions sizes or calories he was served daily were so inadequate as to deny him the 'minimal civilized measure of life's necessities'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))).

And, "'[w]ithout an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension.'" *Myles*, 2022 WL 1046375, at *1 (quoting *Billizone v. Jefferson Par. Corr. Ctr.*, No. 14-1263, 2015 WL 1897683, at *5 (E.D. La. Apr. 27, 2015)).

In sum, the facts provided by Thompson, even liberally construed and then accepted as true, fail to allege a plausible constitutional violation. Not being provided a "full breakfast" on one day fails to plausibly show that Thompson was denied "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Nor does Thompson allege how missing this "full breakfast" resulted in harm.

## Leave to Amend

While the undersigned recommends that Thompson's complaint be dismissed with prejudice, the time to file objections to this recommendation (further explained below) allows him an opportunity to explain how he would cure the deficiencies in his initial complaint and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or

her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 8, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE